BARKETT, Circuit Judge,
dissenting from the denial of rehearing en banc:
I completely agree with Judge Wilson that this case is one that should be reheard en banc. However, I do so because I believe the panel opinion makes a critical mistake in holding that the rule established in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is procedural. In my view, the rule established in Miller, which prohibits mandatory life sentences without the possibility of parole for juvenile offenders, is substantive rather than procedural and, thus, can be the basis for a second or successive habeas petition under 28 U.S.C. § 2255(h).
The Supreme Court has established that a rule is substantive if it “prohibits] a certain category of punishment for a class of defendants because of their status or offense.” Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). In my view, this is precisely what Miller did. It “prohibited]” mandatory sentences of life imprisonment without the possibility of pa *1196 role for “a class of defendants”—-juvenile offenders—“because of their status.” Id. The panel opinion holds the Miller rule to be procedural simply because, in certain circumstances, a court may still impose a life sentence on a juvenile offender. But that misses the point. An automatic mandatory life sentence without the possibility of parole is a category of punishment that the Supreme Court has found to be substantively unacceptable for juvenile offenders.
The panel opinion relies heavily on the Supreme Court’s statement in Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that “rules that regulate only the manner of determining the defendant’s culpability are procedural.” Id. at 353, 124 S.Ct. 2519. However, it is a stretch to say that Miller changed only the manner of determining a defendant’s sentence. Miller expanded the range of possible substantive sentencing outcomes for juvenile offenders by categorically prohibiting one category of punishment—mandatory life sentences—for that category of defendants. This change cannot be simply a matter of procedure. Before Miller, a juvenile offender convicted of certain crimes would automatically receive a sentence of life without the possibility of parole; after Miller, the vast majority of such offenders will receive a substantively different and lesser sentence. See Miller, 132 S.Ct. at 2469 (“[W]e think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon.”).
It is unreasonable to conclude that all juvenile offenders like Morgan who were sentenced to mandatory life sentences without the possibility of parole and who, had they been sentenced after Miller, would have almost certainly received a lesser sentence, now have no avenue of relief. As I have said previously, we cannot interpret AEDPA’s procedural hurdles as mandating us to turn a blind eye to constitutionally-flawed sentences. See In re Hill, 715 F.3d 284, 307 (11th Cir.2013) (Barkett, J., dissenting) (“[I]t simply cannot be that Congress would have intended AEDPA to preclude a federal court from hearing the claim of a juvenile or mentally retarded offender who obtains, albeit after the conclusion of his prior federal habeas proceedings, irrefutable proof that his status constitutionally bars his execution forever.”); see also Herrera v. Collins, 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (“[Fjederal habeas courts act in their historic capacity—to assure that the habeas petitioner is not being held in violation of his or her federal constitutional rights.”). But by prohibiting Morgan from attacking his mandatory life sentence on collateral review—a sentence that the Supreme Court held violates the Eighth Amendment’s prohibition of cruel and unusual punishment—that is exactly what the panel opinion would have us do. At the very least, this case merits consideration by the entire Court.